Sandra LENOX, Plaintiff—Appellant,

v.

CONTINENTAL CASUALTY COMPANY, a corporation, Defendant—Appellee.

No. 03–55789.
D.C. No. CV–02–09825–RGK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 6, 2005.

Charles J. Fleishman, Beverly Hills, CA, for Plaintiff–Appellant.

Robert F. Keehn, David J. Weinman, Galton & Helm, Los Angeles, CA, for Defendant–Appellee.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Sandra Lenox appeals from the district court's judgment concluding that substantial evidence supports the Continental Casualty Company's denial of disability benefits. Because the plan granted the administrator discretion, we review for abuse of that discretion. *See Alford v. DCH Found. Group Long–Term Disability Plan*, 311 F.3d 955, 957 (9th Cir.2002). We reverse.

Continental Casualty Company abused its discretion by relying on the opinion of Dr. Chou, a physician who never examined Ms. Lenox and whose conclusions were contradicted by three of Ms. Lenox's treating or examining physicians. Dr. Chou's reports provided no factual basis for a finding that Ms. Lenox can perform light or sedentary work. The only basis Dr. Chou provided for this finding is that the physical and emotional stress that initially aggravated Lenox's disability was removed when she quit working and therefore she was no longer disabled. Dr. Chou's assertion does not constitute substantial evidence in support of his conclusion as it was flatly contradicted by all the physician reports upon which Dr. Chou purportedly relied. These reports were written by doctors who had in fact examined Ms. Lenox long after she had stopped working and who had determined that, even after her work stress was removed, Lenox remained totally disabled. Continental Casualty Company arbitrarily disregarded this reliable evidence in favor of Dr. Chou's unsupported opinion when it denied Lenox's claim for benefits.

The judgment of the district court is REVERSED and the case REMANDED with instructions to enter judgment in favor of Lenox, assign costs to Continental Casualty Company, and for a determination of whether attorney's fees should be awarded to Lenox.

REVERSED; REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.